NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Eric Hand, | No. CV-22-08151-PCT-SRB |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner, Lawrence Hand filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on August 29, 2022 raising four grounds for relief, the first three of which included several subclaims. After full briefing, the Magistrate Judge issued his Report and Recommendation concluding that all but two of the subclaims raised in Ground One alleging cumulative prosecution misconduct or error and one of Ground Two subclaims alleging cumulative court misconduct or error were exhausted and reviewable. The Magistrate Judge concluded that all remaining claims were procedurally defaulted without excuse and that no new credible evidence was presented to support Petitioner's claims of actual innocence. The Magistrate Judge also concluded that the three exhausted claims were meritless. The Magistrate Judge recommended that the Petition be dismissed with prejudice as to the unexhausted claims and denied as to the exhausted claims. The Magistrate Judge also recommended that a Certificate of Appealability be denied. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on September 20, 2023 in a filing entitled Motion for Reconsideration. Respondent filed

a Reply on October 23, 2023.

PROCEDURALLY DEFAULTED CLAIMS

As explained in the Respondents' Reply to Petitioner's Objections, for this Court to be required to make a *de novo* review of the Magistrate Judge's Report and Recommendation, Petitioner's objections must be specific and cannot be merely a rehash or repeat of the claims made in the Petition.  Petitioner's objections to the Report and Recommendations' conclusions of unexcused procedural default do not meet this standard. Two of the objections consist of only a reference to the Petition and certain exhibits but include no argument as to how the Magistrate Judge erred in his Report and Recommendation. With respect to his procedurally defaulted claims of ineffective assistance of trial counsel, Petitioner objects to being held to the standard of an attorney and complains about the deficiencies in the prison law library but never explains how the Magistrate Judge erred.  In one paragraph, Petitioner objects generally to the Magistrate Judge's recommendations on the non-ineffectiveness claims. Regarding the Magistrate Judge's finding that there was no new credible evidence presented to establish actual innocence to excuse the procedural defaults, in another single paragraph, Petitioner asserts that a trial court ruling on DNA testing was "false" suggesting that this is exculpatory scientific evidence that would show that the victims' testimony was perjurious and no reasonable juror would then have found him guilty.  But as Respondent argues, even if the final DNA examination failed to test for blood, Petitioner fails to explain how this could lead a jury to acquit him of the charges. As explained in the Report and Recommendation, errors at trial or evidence deficiencies are not new credible evidence of actual innocence.

EXHAUSTED CLAIMS

Petitioner also objects to the three merit recommendations by the Magistrate Judge. Grounds 1(a) and 1(b) asserted violations of the Fifth, Sixth and Fourteenth Amendments based on cumulative prosecutorial misconduct or error based on alleged threatening and intimidating of co-defendant Crawford "through her plea, [which] effectively drove her from the witness stand (Doc. 1, at 6-8) and by commenting on Crawford's invocation of

the Fifth Amendment (Doc. 1, at 5) respectively.  Ground 2(a) asserted violations of the Fifth, Sixth and Fourteenth Amendments based on cumulative court misconduct or error because the trial court forced or threatened Crawford to testify.

The Report and Recommendation cites the relevant findings by the Arizona Court of Appeals concerning Crawford's invocation of her Fifth Amendment rights when called to testify by the prosecution at trial.  The Report and Recommendation also explained that the standard Petitioner must meet on habeas review is a showing by clear and convincing evidence that the state court findings were incorrect or that they were an unreasonable determination of the facts in light of the evidence presented at trial.  The Magistrate Judge concluded that, at best, Petitioner argued for an unreasonable determination of the facts based on unconvincing arguments.  Petitioner makes those same unconvincing arguments in his objections.  The Court agrees with the Magistrate Judge that the state court record reflects that neither the trial judge nor the prosecutor threatened negative action against Crawford were she to testify.  She was only advised of possible adverse consequences.  The state court's finding that Crawford was neither threatened nor coerced by the court or the prosecutor was not an unreasonable determination of the facts based on the state court evidence.

Petitioner's Ground 1(b) claims asserted constitutional violations when the prosecutor commented twice in closing argument on Crawford's invocation of her Fifth Amendment rights to not testify. The state Court of Appeals rejected this claim of constitutional error finding that the trial court's instructions to the jury included an instruction that what the lawyers said in closing argument was not evidence, that the jury's mixed verdicts showed they followed the court's instructions and carefully considered the evidence and that there were only two brief mentions of the invocation in a lengthy closing argument.  The Court of Appeals found the mentions of Crawford's invocation of her Fifth Amendment rights was error but that these improper comments did not contribute to the verdicts or deprive Petitioner of a fair trial.  The Magistrate Judge concluded that these determinations of the state Court of Appeals were not unreasonable determinations of the

facts but also concluded that there is no controlling precedent establishing that commenting on a witness's invocation of the Fifth Amendment is constitutional error.

While Petitioner argues in his objections that the record does not support the factual determinations of the state Court of Appeals, he does not cite to any controlling federal authority holding that commenting on a witness's Fifth Amendment invocation violated a criminal defendant's Fifth, Sixth and/or Fourteenth Amendment rights.  The Court agrees with the Magistrate Judge that there was no constitutional error when the prosecutor commented twice in closing argument on Crawford's invocation.  And even if this were constitutional error, the Court also agrees that Petitioner has failed to show that the state Court of Appeals conclusion that the comments on invocation did not contribute to the verdicts was not an unreasonable conclusion for the state court to make based on the evidence.

Petitioner's final exhausted claim is Ground 2a(2) alleging constitutional error in allowing Crawford to invoke her Fifth Amendment rights before the jury.  He argues that the Report and Recommendation's conclusion that Petitioner failed to assert a cognizable claim of constitutional error in Ground 2a(2) is contrary to law.  As detailed by the Magistrate Judge in his Report and Recommendation, Petitioner's counsel objected to the prosecutor's request to call Crawford as a rebuttal witness.  That objection was overruled, and Crawford was called and invoked her Fifth Amendment rights as expected. Petitioner's counsel did not object to her invocation before the jury.  The Court agrees with the Magistrate Judge that Petitioner's attorney's objection to allowing the state prosecutor to call Crawford in rebuttal is not an objection to her invoking in front of the jury. The Magistrate Judge highlights that once the objection to allowing Crawford to be called in rebuttal was overruled and she was expected to invoke in front of the jury, Petitioner's counsel stated his intent to cross-examine Crawford about her invocation.  The Court also agrees with the Magistrate Judge that the only relevant federal case law is *Namet v. United States*, 373 U.S. 179, 185 (1963) which expressly disavowed that invocation by witnesses before the jury presents constitutional claims. The Court concludes, as does the Magistrate

Judge, that Ground 2a(2) fails to raise a cognizable constitutional claim and, therefore, the claim is without merit.

IT IS ORDERED overruling Petitioner's objections, in the document entitled Motion for Reconsideration, to the Report and Recommendation of the Magistrate Judge. (Doc. 18)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 17)

IT IS FURTHER ORDERED that the claims raised in Grounds 1(a), 1(b), and 2a(2) are denied as without merit.

IT IS FURTHER ORDERED that all other claims are dismissed with prejudice as they are procedurally defaulted without excuse.

IT IS FURTHER ORDERED denying a Certificate of Appealability because the denial is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 24th day of January, 2024.

_____
Susan R. Bolton
United States District Judge